UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE MERRIMAN, | No. 2:19-cv-1446 CKD P |
| Plaintiff, | |
| v. | ORDER |
| J. PONDER, et al., | |
| Defendants. | |

Plaintiff is appearing pro se and in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On August 27, 2019, the court dismissed plaintiff's complaint with leave to file an amended complaint. Plaintiff has filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). Plaintiff's amended complaint (ECF No. 9) is before the court for screening.

The court finds that this case may proceed against defendants Kentner, Joslin, Jacques and Ponder on a claim arising under the Eighth Amendment.. With respect to the other defendants

1

identified in plaintiff's amended complaint, the facts alleged fail to state actionable claims. Plaintiff has two options: 1) he may proceed on the claims described above; or 2) make an attempt to cure the deficiencies in his amended complaint with respect to the other defendants and claims in a second amended complaint.

If plaintiff decides to file a second amended complaint, plaintiff should consider that in order to state an actionable claim, plaintiff must demonstrate with specific allegations how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his second amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that if he elects to amend again the court cannot refer to a prior pleading in order to make the second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the amended complaint no longer serves any function in the case. Therefore, in a second amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff is granted 21 days within which to complete and return the attached form notifying the court whether he wants to proceed on claims arising under the Eighth Amendment against defendants Kentner, Joslin, Jacques and Ponder or whether he wishes to file a second amended complaint in an attempt to

/////

/////

/////

cure the deficiencies in his amended complaint.  If plaintiff does not return the form, this action will proceed on the claims described above.

Dated:  March 30, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
merri1446.op

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE MERRIMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. PONDER, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-1446 CKD P<br><br><br>PLAINTIFF'S NOTICE OF<br><br>HOW TO PROCEED |

Check **one**:

\_\_\_\_\_ Plaintiff wants to proceed immediately on a claim arising under the Eighth Amendment against defendants Kentner, Joslin, Jacques and Ponder.

\_\_\_\_\_ Plaintiff wants time to file a second amended complaint.

DATED:

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Plaintiff