UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE MERRIMAN, | No. 2:19-cv-1446 WBS CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| J. PONDER, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. The claim which remains arises under the Eighth Amendment against defendants Kentner, Joslin, Jacques and Ponder (defendants), all employees at Mule Creek State Prison where plaintiff was housed at the time of the events alleged. ECF No. 18. Defendants have filed a motion to dismiss in which they argue that the allegations in plaintiff's complaint do not amount to a claim upon which plaintiff can proceed under the Eighth Amendment and that they are immune from plaintiff's claim under the "qualified immunity" doctrine. Plaintiff has filed a sur-reply with respect to the motion to dismiss. ECF No. 27. Because the local rules of this court generally do not provide for sur-replies [Local Rule 230(l)], and plaintiff did not seek leave to file a sur-reply, his sur-reply will be stricken.

/////

/////

1

I. <u>Plaintiff's Allegations in the First Amended Complaint</u>

Between February 11 and 13, 2019, plaintiff received multiple suicide risk evaluations conducted by defendant Kentner, a psychologist, and defendants Jacques and Joslin who are social workers. During interviews, plaintiff expressed that he was extremely anxious and wanted to hurt himself. After plaintiff's assertions of self-harm, the defendants identified above elected to consult with defendant Ponder, a supervising psychologist. During the consultation, defendants reviewed plaintiff's mental health history which included suicide attempts and instances of self-mutilation. In the end, all four defendants decided not to order that plaintiff be placed on "suicide watch." As a result of his housing assignment, plaintiff had access to sharp metal objects and engaged in self-mutilation, causing open wounds and bleeding.

Plaintiff seeks damages and other relief.

II. <u>Standards</u>

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, <u>see</u> <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

Denial of medical care can violate the Eighth Amendment. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-05 (1976). A violation occurs when a prison official causes injury as a result of at least his or her deliberate indifference to a prisoner's serious medical needs. <u>Id.</u> "Deliberate indifference" includes a purposeful act or failure to respond to a prisoner's pain or possible medical need. <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006).

A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. <u>See</u>, <u>e.g.</u>, <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1058 (9th Cir. 2004); <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989).

"Government officials enjoy qualified immunity from civil damages unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" <u>Jeffers v. Gomez</u>, 267 F.3d 895, 910 (9th Cir. 2001) (quoting <u>Harlow v.</u>

1  Fitzgerald, 457 U.S. 800, 818 (1982)).  In analyzing a qualified immunity defense, the court must
2  consider the following: (1) whether the alleged facts, taken in the light most favorable to the
3  plaintiff, demonstrate that defendant's conduct violated a statutory or constitutional right; and (2)
4  whether the right at issue was clearly established at the time of the incident.  Saucier v. Katz, 533
5  U.S. 194, 201 (2001).
6  III.  Defendants' Arguments and Analysis
7        Defendants argue plaintiff that has failed to adequately allege that defendants were at least
8  deliberately indifferent to plaintiff's history of self-mutilation and his expressed desire to hurt
9  himself.  Defendants assert that their consideration, albeit lengthy, of plaintiff's situation negates
10 any possibility that they were at least deliberately indifferent.  However, the Eighth Amendment
11 does not establish a mere right to be heard as to one's medical condition, but a right, under certain
12 circumstances, to have action be taken.  Plaintiff alleges that he suffered from a condition.
13 Plaintiff alleges that defendants knew about the condition, and it is at least a reasonable inference
14 from plaintiff's allegations that they took no action.  Plaintiff then alleges he suffered injury as a
15 result of his condition and because of defendants' inaction.  Taking plaintiff's allegations in the
16 light most favorable to him, as the court must, plaintiff adequately alleges that he suffered injury
17 as a result of at least defendants' deliberate indifference.
18       Defendants also argue that plaintiff's remaining claim should be dismissed because
19 plaintiff's claim amounts to a mere dispute between plaintiff and defendants as to what action
20 should have been taken as to plaintiff's condition.  However, nothing in plaintiff's complaint
21 compels the conclusion that defendants' inaction and plaintiff's belief that he should have been
22 put on "suicide watch" can be boiled down to a mere "dispute between a prisoner and prison
23 officials over the necessity for or extent of medical treatment."  Toguchi v. Chung, 391 F.3d at
24 1058.  It can just as easily be inferred from plaintiff's allegations that defendants took no action
25 because they did not care if plaintiff hurt himself.
26       Finally, defendants argue they should be granted dismissal based upon "qualified
27 immunity."  As indicated above, plaintiff's allegations, taken in the light most favorable to
28 plaintiff, amount to a claim that defendants' conduct violated plaintiff's right to medical care

1   under the Eighth Amendment in that plaintiff alleges he suffered a sufficiently serious injury as a

2   result of at least defendants' deliberate indifference to plaintiff's condition.  That right was clearly

3   established at the time of this incident, defeating defendants' assertion of qualified immunity.

4         In accordance with the above, IT IS HEREBY ORDERED that plaintiff's sur-reply

5   concerning defendants' motion to dismiss (ECF No. 27) is stricken; and

6         IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (ECF No. 23) be

7   denied.

8         These findings and recommendations are submitted to the United States District Judge

9   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

10  after being served with these findings and recommendations, any party may file written

11  objections with the court and serve a copy on all parties.  Such a document should be captioned

12  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

13  objections shall be served and filed within fourteen days after service of the objections.  The

14  parties are advised that failure to file objections within the specified time may waive the right to

15  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16  Dated: January 31, 2021

17                                                CAROLYN K. DELANEY

18                                                UNITED STATES MAGISTRATE JUDGE

21  1

22  merr1446.157