UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DOMINIQUE MERRIMAN,

        Plaintiff,

   v.

J. PONDER, et al.,

        Defendants.

No. 2:19-cv-1446-WBS-CKD P

ORDER

----oo0oo----

     Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

     On February 1, 2021, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  (See Docket No. 28.)  Defendants have filed objections to the findings and recommendations.  (See

1

1   Docket No. 29.)

2         Defendants argue that plaintiff has not adequately
3   stated a claim for deliberate indifference to medical needs and
4   has only demonstrated a difference in opinion as to treatment
5   between the plaintiff and his providers.  (See id. at 2-3.)
6   However, plaintiff does not base his complaint solely on the fact
7   that he was not placed on suicide watch.  (See Docket No. 9 at
8   5.)  Rather, he alleges that that he suffered from a mental
9   health condition and sought to harm himself, that the defendants
10  knew about his condition, and that they took no action, up to and
11  including placing the plaintiff on suicide watch.  Taking
12  plaintiff's allegations in the light most favorable to him,
13  plaintiff adequately alleges that he suffered injury as a result
14  of defendants' deliberate indifference.

15        Defendants also argue that they should be granted
16  dismissal based on qualified immunity and that the magistrate
17  judge examined qualified immunity at an extremely high level of
18  generality.  (See Docket No. 29 at 3.)  To show deliberate
19  indifference to medical needs, the plaintiff must show that the
20  course of treatment the doctors chose was medically unacceptable
21  under the circumstances and that the defendants chose this course
22  in conscious disregard of an excessive risk to plaintiff's
23  health.  See Colwell v. Bannister, 763 F.3d 1060, 1068 (9th Cir.
24  2014.)

25        Defendants are correct that plaintiff has not
26  identified a case in which mental health providers who evaluate
27  an inmate's complaints of being suicidal, and determine that he
28  is not, have been found liable for violating the Eighth

1    Amendment.  However, the Supreme Court has long held, and

2    recently reaffirmed, that "a general constitutional rule already

3    identified in the decisional law may apply with obvious clarity

4    to the specific conduct in question" even if the specific action

5    in question has not previously been held unlawful.  See Taylor v.

6    Riojas, 141 S. Ct. 52, 54 (2020); Hope v. Pelzer, 536 U.S. 730,

7    740-41 (2002).  It is clearly established that denial of medical

8    care can violate the Eighth Amendment and that a violation occurs

9    when a prison official causes injury as a result of at his

10   deliberate indifference to a prisoner's serious medical needs.

11   See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  It goes

12   without saying that suicidal ideations can result in serious

13   harm.

14        Taken in the light most favorable to the plaintiff,

15   plaintiff alleges that he suffered a sufficiently serious injury

16   as a result of defendants' deliberate indifference to his

17   condition.  (See generally Docket No. 9.)  The court therefore

18   agrees with the magistrate judge that dismissal of defendants on

19   the basis of qualified immunity on a motion to dismiss at this

20   stage of this case is not appropriate.

21        In accordance with the provisions of 28 U.S.C. §

22   636(b)(1)(C) and Local Rule 304, this court has conducted a de

23   novo review of this case.  Having carefully reviewed the entire

24   file, the court finds the findings and recommendations to be

25   supported by the record and by proper analysis.

26        Accordingly, IT IS HEREBY ORDERED that:

27        1.  The findings and recommendations filed February 1,

28   2021 are adopted in full;

3

1            2.    Defendants' motion to dismiss (ECF No. 24) is

2   denied; and

3            3.    Defendants shall file their answer within 14 days.

4   Dated:  March 15, 2021

    WILLIAM B. SHUBB
    UNITED STATES DISTRICT JUDGE

4